Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6619 | **DATE** | 11/1/2004 |
| **CASE TITLE** | Fisher Investments, Inc. vs. Carlson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for temporary restraining order is denied. This case will be dismissed with leave to reinstate after arbitration, if necessary, unless the court receives an objection by Monday, November 15, 2004. Enter memorandum opinion and order.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 02 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 NOV -1 PM 6:09 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FISHER INVESTMENTS, INC.,         )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   No. 04 C 6619
                                  )
WILLIAM CARLSON and PARTNERS      )
WEALTH MANAGEMENT, INC.,          )
                                  )
            Defendants.           )
                                  )

**MEMORANDUM OPINION AND ORDER**

Defendant William Carlson was employed in a sales capacity, as a regional Vice President, by plaintiff Fisher Investments, Inc. ("Fisher") until his resignation on September 23, 2004. Mr. Carlson shortly thereafter joined the staff of defendant Partners Wealth Management, Inc. ("Partners Wealth"). During his employment with Fisher, Mr. Carlson signed an employment contract which included a non-compete clause concerning the disclosure or use of confidential information. Since his departure from Fisher, Mr. Carlson has allegedly been using client information gained from his tenure with Fisher to contact Fisher's clients and potential clients, attempting to solicit their business for Partners Wealth. Fisher has filed suit against both defendants, and now seeks a temporary restraining order enjoining Mr. Carlson's solicitation of clients using information gained during his employment with Fisher. I deny the motion for a temporary restraining order.

DOCKETED
NOV 2 2004

To obtain a temporary restraining order ("TRO"), the moving party must demonstrate (1) a likelihood of success on the merits, (2) the lack of an adequate remedy at law, and (3) irreparable harm if the order is not issued. *Foodcom Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003). The level of harm to the moving party if the order is not issued must be balanced against the harm to the non-moving party if the order is issued. *Id.*

Fisher seeks a TRO under two theories: enforcement of the employment contract with Mr. Carlson, and protection of its trade secrets under the Illinois Trade Secrets Act, 765 Ill. Comp. Stat. 1065/2 *et seq.*[1] Enforcement of the employment contract, specifically the section dealing with confidential information, is problematic. To be enforceable, such restrictive covenants must be reasonable in geographic and temporal scope, as well as necessary to protect an employer's legitimate interests. *Abel v. Fox*, 654 N.E.2d 591, 593 (Ill. App. Ct. 1995). Those legitimate interests, under Illinois law, include near-permanent relationships with customers and trade secrets.

The covenant not to compete in this case has no restriction with regard to either geography or time. The relevant portion reads:

---

[1] The parties dispute whether Illinois or California law should apply. For the purposes of this motion only, I have applied Illinois law. California law would likely be less favorable to Fisher.

2

> Employee shall not, either during or after the term of Employee's employment by Corporation, disclose to any third party or use Confidential Information for any purpose whatsoever other than (a) for the pursuit of Corporation's business and in the performance of services for Corporation or (b) without either (i) the prior written consent of Corporation ... or (ii) during the term of Employee's employment, other authorization by Corporation. Employee shall, at all times, take all reasonable steps to prevent unauthorized disclosure of Confidential Information to third parties, intentionally or negligently, by Employee or persons acting pursuant to Employee's directions. In no event shall Employee use any of Corporations Confidential Information to, either for Employee's own benefit or purposes or for the benefit or purposes of any other person, firm, corporation or business, directly or indirectly, solicit, call or interfere with, attempt to divert or entice away, any person, firm or government entity which is a customer of Corporation.

The lack of either a geographical or temporal limitation suggests that the covenant would be unenforceable under Illinois law. *See Telxon Corp. v. Hoffman*, 720 F. Supp. 657, 665 (N.D. Ill. 1989)(predicting that unlimited geographic scope would render restriction unenforceable under Illinois law); *Systemax, Inc. v. Schoff*, No. 97-C-5014, 1997 WL 467545, *4 (N.D. Ill. Aug. 13, 1997)(concluding that Illinois law would invalidate a covenant not temporally restricted).[2] Accordingly, Fisher has not demonstrated a likelihood of success with respect to its theory of enforcement of the restrictive covenant.

---

[2] Fisher argues that the court could impose reasonable limitations. However, where restrictive covenants, such as the one at issue here, have lacked the necessary limitations to render them enforceable, courts have been reluctant to impose those limitations and enforce the covenant. *Systemax*, 1997 WL 467545, at *3 (citing, *inter alia*, *Dryvit Sys, Inc. v. Rushing*, 477 N.E.2d 35, 37 (Ill. App. Ct. 1985); *Abbott-Interfast Corp. v. Harkabus*, 619 N.E.2d 1337, 1343-44 (Ill. App. Ct. 1993)).

Fisher alternatively seeks the protection of the Illinois Trade Secrets Act, 765 Ill. Comp. Stat. 1065/2 *et seq.* ("the Act"). Under the Act, a trade secret is defined as

> information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
> (1) is sufficiently secret to derive economic value, actual or potential, from not being known to other persons who can obtain economic value from its disclosure or use; and
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

Mr. Carlson's confidentiality agreement, with respect to the protection of trade secrets, appears to be enforceable under Illinois law. *Pepsico, Inc. v. Redmond*, No. 94-C-6838, 1996 WL 3965, *26 (N.D. Ill. Jan 2. 1996). However, Fisher is not clear on what trade secrets it is seeking to protect. Initially, Fisher claims that the trade secret at issue is the list of clients and potential clients itself; such a list alone, consisting of the identities of these individuals, does not appear to be protectable under the Act without a showing of great time and expense spent compiling the list, and reasonable efforts to maintain the secrecy of the list once compiled. *See, e.g., Drummond Amer. Corp. v. Murphy*, No. 87-C-5642, 1987 WL 16244, *6 (N.D. Ill. Aug. 26, 1987); *The Mutual Life Ins. Co. of New York v. Veselik*, No. 97-C-6291, 1998 WL 30672, *5-6 (N.D. Ill. Jan. 23, 1998).

Fisher indeed alleges that it has expended great sums of money, as well as considerable time and effort, to compile its list

4

of clients and potential clients. However, Fisher has not established that it has employed sufficient means of keeping that list secret to raise it to the level of a trade secret under Illinois law. Measures which Illinois courts have seen as reasonable for protecting a customer list include

> [making sure the] offices are locked, garbage is checked daily, special computer access codes are used, customer information is limited to persons on a need-to-know basis, hard copies of customer lists are kept only in [officer's] basement at home, salesmen's call books are kept locked up and cannot be removed from the office, security cameras are used, employee confidentiality agreements are entered into, and there are constant reminders about the confidentiality of the lists.

*Stampede Tool Warehouse, Inc. v. May*, 651 N.E.2d 209, 215 (Ill. App. Ct. 1995). While Fisher provides some detailed allegations about the measures it took to ensure that clients' financial information remained confidential, it makes no parallel allegations about the list of clients and potential clients itself. Mr. Carlson states in his affidavit that he had access to the list from his home office, was able to print out hard copies of that information as he wished, and was given no instruction on how or when to dispose of those hard copies. In addition, the contractual provision at issue seems to preclude the construction sought by Fisher. It prohibits Mr. Carlson from using confidential information to solicit Fisher's clients once he leaves Fisher's employment; it does not otherwise prohibit him from seeking the client business. On this record, Fisher has not shown that it is

likely to be able to prove that its list of clients and potential clients is protectable as a trade secret under Illinois law.

Fisher also suggests that the identities of clients and potential clients, together with confidential financial information about those clients, constitutes the trade secret it is attempting to protect. (Affidavit of Damian Ornani, Oct. 13, 2004, paragraph 19.) While this combination is potentially protectable as a trade secret, Fisher also states that Mr. Carlson did not have access to customer portfolio positions for any of Fisher's clients. (Affidavit of Damian Ornani, Oct. 26, 2004, paragraph 3.) If he did not have access to the confidential financial information about Fisher's clients, he could not have taken the information with him or be using it in his new position.

Furthermore, even if Fisher had demonstrated a likelihood of success under either theory, Fisher has failed to demonstrate that it lacks an adequate remedy at law. Fisher argues that it will suffer irreparable harm, rendering monetary damages inadequate, for several reasons. Fisher argues that first, revelation of confidential financial information will undermine the confidence placed in Fisher by its clients; second, it has spent much time and expense in securing and maintaining its clients; and third, the damage it would suffer if Mr. Carlson's conduct is not checked is incalculable. With respect to Fisher's first argument, as stated above, Fisher has not shown that Mr. Carlson had access to clients'

confidential financial information, nor that he is disclosing it. As to Fisher's second and third arguments, if Fisher can establish its claims against the defendants, monetary damages will be adequate to compensate Fisher for the loss of any clients that may result, even if Fisher is not able to precisely calculate its losses. See *Lawson Products, Inc. v. Avnet*, 782 F.2d 1429, 1440 (7th Cir. 1986); *Drummond*, 1987 WL 16244, at *7.

As Fisher has not demonstrated that it meets the requirements for a temporary restraining order, Fisher's motion is denied.

**ENTER ORDER:**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: November 1, 2004